UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRENDA O'NEAL,           )
                         )
         Plaintiff,      )
                         )
    vs.                  )    07 C 4788
                         )
CITY OF CHICAGO,         )
                         )
         Defendant.      )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant City of Chicago to dismiss certain portions of the complaint of Plaintiff Brenda O'Neal. For the reasons set forth below, the motion is denied.

## BACKGROUND

According to the contents of the complaint, which we must accept as true for purposes of this motion, O'Neal has been employed as a Chicago police officer since 1991. After some years, she was placed in the Narcotics Section of the Organized Crime Division of the police department. After she was involuntarily transferred out of the section, O'Neal filed suit against the City alleging sex and race discrimination. In August 2003, O'Neal was reinstated to the Narcotics Section pursuant to a settlement of her discrimination suit. From November of that year until mid 2007, O'Neal was

assigned to different details or transferred within the section 11 times. The final transfer took her out of the Narcotics Section. Among other allegations, she states that the stress and job demands that occurred during the time that the transfers were occurring affected her ability to study for and pass a test that would allow her to become a lieutenant within the department.

On June 28, 2007, O'Neal filed a charge of discrimination with the EEOC against the City. Within 90 days of receiving her right-to-sue letter, she filed a two-count complaint alleging that the City had discriminated against her on the basis of her sex and retaliated against her for her opposition to allegedly discriminatory behavior in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

The City now moves to dismiss causes of action asserted in the complaint that accrued more than 300 days before June 28, 2007, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*,

939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). If the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Moreover, if a plaintiff alleges facts within a complaint that defeat an essential element of a claim, the complaint can be dismissed under Rule 12(b)(6). *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).

With these principles in mind, we consider the instant motion.

### DISCUSSION

The thrust of the City's motion is an assertion of the affirmative defense that claims based on discrete events occurring prior to September 1, 2006, are time barred by Title VII's 300-day statute of limitations. The City recognizes that O'Neal may

include such information by way of background of events occurring after September 1, 2006, but they seek to prevent any assertion of independent liability arising from the earlier actions by the City. As such, the motion appears to be more properly styled as a motion to strike than a motion to dismiss for failure to state a claim.

In any event, as the legal standard recited above makes clear, the potential availability of an affirmative defense does not typically compromise the legal sufficiency of an otherwise cognizable complaint. An exception occurs when the defense is so clearly applicable that the assertion of a viable claim is rendered frivolous. Here, the details of prior events supply context for the asserted claims, and O'Neal acknowledges that their purpose is to provide that context. Accordingly, the City's efforts to dismiss or strike these portions of the complaint are misplaced, and the relief they seek is unwarranted.

## CONCLUSION

Based on the foregoing, the motion to dismiss [17] of the City of Chicago is denied.

*/s/ Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: November 21, 2007