UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 4788 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Defendant City of Chicago ("City")'s request for a Bill of Costs to account for deposition and transcript costs, witness and subpoena fees, fees for service subpoenas, and document reproduction costs associated with the case. For the reasons set forth below, we award costs in the amount of $5,309.85.

## **BACKGROUND**

On August 24, 2007, Plaintiff Brenda O'Neal ("O'Neal") filed suit against the City claiming that it discriminated against her on the basis of her gender and retaliated against her for engaging in a protected activity in violation of 42 U.S.C. § 2000e *et seq*. On February 17, 2009, we granted the City's motion for summary judgment on all claims. The City filed the instant motion to recover $5,934.00.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) allows a court to tax costs other than attorneys' fees in favor of a prevailing party. Pursuant to 28 U.S.C. § 1920, the following costs are recoverable: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court-appointed experts and interpreters. A prevailing party enjoys the presumption that costs will be awarded. *See M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409-10 (7th Cir. 1991). Accordingly, we examine each of the costs the City claims to determine whether they are allowable and reasonable in their amount and their necessity to the litigation. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998).

## DISCUSSION

The City asserts that it is entitled to a total of $5,934.00 in reasonable and necessary costs associated with defending this case. O'Neal objects to several charges that she perceives as excessive. First, she contests the City's deposition transcript calculations with respect to several witnesses. Next, she argues that the errata processing fees should not be taxed. Finally, she contends there is a slight discrepancy with the costs requested by the City with regard to document reproduction.

First, we will address the costs of the transcripts. District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded

costs.  *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993).  Subsection (2) of 28 U.S.C. § 1920 specifically authorizes the taxing of deposition expenses as costs.  *See Int'l Oil, Chem. & Atomic Workers v. Uno-Ven Co.*, 1998 U.S. Dist. LEXIS 19855, at *7-8 (N.D. Ill. Dec. 14, 1998).  Subsection (4) of 28 U.S.C. § 1920 specifically permits recovery of "copies of papers necessarily obtained for use in the case."  "Papers necessarily obtained" include documents filed with the court and/or served on opposing counsel, and documents produced in response to discovery requests.  *See Barnett v. City of Chicago*, 1999 U.S. Dist. LEXIS 138813, at *5 (N.D. Ill. Mar. 5, 1999).

The City seeks deposition and transcript costs in the amount of $5,108.80, which are itemized and supported by invoices according to each witness.  The City asserts that the cost of taking and defending the depositions of Brenda O'Neal, Timothy Moore, James Cosgrove, George Rosebrock, George Dunn, Wayne Wiberg, and Hiram Grau are taxable because they were all reasonable and necessary to the defense of this case.  O'Neal agrees with the City that these expenses are taxable but argues that the City's calculations with respect to the six non-party witnesses are excessive.  She claims that the original transcripts should not exceed the Judicial Conference's $3.65 per page rate for a thirty-day ordinary transcript and $.90 transcript copy rate.  The prevailing party is limited to the recovery limits mandated by the Judicial Conference of the United States.  *See Menasha Corp. v. News Am. Mktg. In-Store, Inc.*, 2003 U.S. Dist. LEXIS 13405, at *3 (N.D. Ill. July 31, 2003).  Taking the Judicial Conference's rate limits and

applying them here, we discount the original transcripts costs of Moore, Cosgrove, Rosebrock, Wiberg, and Grau in proportion to the $3.65 rate; we discount Dunn's copy transcript in proportion to the $.90 rate. Accordingly, we award $4,484.65 in transcript costs, which includes the $45.00 taxed for errata processing fees.

With respect to the remaining costs, we find that the City has shown they were reasonable and necessary to the defense of this case. The only objection O'Neal makes is that the number of copies, based on the City's calculation, totals 1,988 as opposed to the 2,001 requested by the City. The losing party has the burden to affirmatively show that the costs should not be awarded. *M.T. Bonk Co.*, 945 F.2d at 1409. O'Neal does not affirmatively refute the City's calculation, nor has the court's own calculations revealed any discrepancy between what the City claims as the number of documents reproduced and O'Neal's objection. The 2,001 copies are itemized at $.20 per copy. Therefore, we award a total of $400.20 in costs for copies.

## CONCLUSION

For the aforementioned reasons, we award a total of $5,309.85 to the City.

_____
Charles P. Kocoras
United States District Judge

Dated:  May 6, 2009